UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEROD ENGLISH,

    Plaintiff,

v.                                         CASE NO.: 8:17-CV-604-T-23MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's decision denying his claim for period of disability, disability benefits and Supplemental Security Income ("SSI"). The Plaintiff argues the Administrative Law Judge ("ALJ") erred by relying on an unqualified vocational expert ("VE") who found him capable of performing jobs that exceed his limitations, and by posing a hypothetical that did not address all of his deficits. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, I recommend that the Plaintiff's complaint be dismissed and the Commissioner's decision be affirmed.

    *A. Background*

    The Plaintiff, who was twenty-nine at the time of the ALJ's decision, obtained an eleventh grade special education and has previous work experience as a construction worker. He claims disability commencing January 14, 2013, due to cor pulmanae with a history of pulmonary embolism and pulmonary hypertension, congestive heart failure with left ventricular hypertrophy, obesity, and a learning disorder. After Plaintiff's applications for benefits were denied at the administrative level,

the ALJ held a hearing and later convened a supplemental hearing after Plaintiff's counsel requested clarification of the VE testimony. Thereafter, the ALJ opined Plaintiff was not disabled and capable of performing a light work with additional limitations. Plaintiff requested review by the Appeals Council, and the Appeals Council denied review. Hence, he has exhausted his administrative remedies and his case is ripe for review.

*B. Standard of Review*

To be entitled to SSI or disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4)

whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

### C. Discussion

#### 1. VE testimony

The ALJ's hypothetical to the VE assumed an individual with the ability to perform unskilled light work with additional restrictions including: occasional climbing, frequent stooping, balancing, kneeling, crouching and crawling, no work in temperature extremes, work hazards or sharp objects, no reading above fourth to sixth grade level, no mathematical calculations other than simple

additional and subtraction, and no extensive writing where correct spelling would be important (R. 99-100).  In response, the VE indicated that such an individual could perform light level jobs such as housekeeper, building cleaner, order clerk, and telephone solicitor (R. 99-106).  The Plaintiff claims the VE erred by including telephone solicitor in the job list.  The DOT describes the telephone solicitor job as SVP of 3 and language GED of 3 which equates to above a fourth to sixth grade reading level.  The Commissioner now concedes that the telephone solicitor and order clerk jobs are inconsistent with the limitations described in the hypothetical.  This error, if it is one, is harmless since the VE identified other jobs within the Plaintiff's RFC, namely the housekeeper and building cleaner jobs.  These jobs exist in substantial numbers in the national economy and are within the Plaintiff's identified limitations.  *See Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ error is harmless when it does not impact the determination of disability); *Bohn v. Astrue*, case no. 8:12-cv-354-T-TGW, 2013 WL 494059, *6 (M.D. Fla. Feb. 7, 2013) ("[E]ven if there had been an error with respect to [certain jobs], that error would be harmless since [one] job alone supports the law judge's finding that there are jobs in significant numbers in the national economy that plaintiff can perform."); *Shultz v. Colvin*, case no. 8:12-cv-108-T-EAJ, 2013 WL 12167537, *4 (M.D. Fla. Feb. 28, 2013) ("Thus, any error is harmless because the ALJ's determination is still supported by substantial evidence as the VE identified at least one job that Plaintiff could perform.").

The Plaintiff also claims the ALJ erred by failing to exclude the VE testimony altogether since he made a patently false statement about the contents of the DOT by incorrectly testifying that GED levels are never higher than SVP levels.[1]  The Plaintiff attempts to argue that the VE is an

---

[1] The DOT is a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job. The qualification categories listed by the DOT for each job include the job's strength level, general

incompetent expert unqualified to render expert opinions, and that as a result, the ALJ's decision, which relied upon the VE's opinions, is unsupported by substantial evidence. Although the Plaintiff is correct in recognizing the ALJ's misstatement, the misstatement does not require remand.[2] Notwithstanding the VE's broad misstatement about DOT classifications, I find that the VE identified jobs within the Plaintiff's RFC, that the ALJ considered the Plaintiff's counsel's objections and did not err by considering the VE testimony and rendering him as a qualified expert. At the supplemental hearing, convened by the ALJ after a request by Plaintiff's counsel to clarify the VE testimony, both the ALJ and Plaintiff's counsel questioned the VE about specific job requirements. In this circuit, a VE's testimony trumps the DOT, and an ALJ may rely on the testimony of the VE even if it is in conflict with the DOT. *Miller,* 246 F.App'x at 662. The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. Along those lines, a VE may be able to provide more specific information about jobs or occupations than the DOT. SSR 00-4p, 2000 WL 1898704, *3

---

educational development ("GED") level, and its specific vocational preparation ("SVP") level. GED measures the aspects of education (formal and informal) which are required of the worker for satisfactory job performance. SVP levels measure the skill necessary to perform a particular job. *Zimsak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2000).

[2] The Plaintiff has not couched his argument as a failure to resolve a conflict between the vocational expert and the DOT, and I do not find this is such a situation. Accordingly, the objection is not governed by Social Security Ruling 00-4p. Social Security Ruling 00-4p squarely addresses the situation where the VE's testimony conflicts with the DOT and how the ALJ should handle it. The ruling requires the ALJ to ask the VE whether any possible conflict exists between his testimony and the DOT, and if the testimony appears to conflict with the DOT to "elicit a reasonable explanation for the apparent conflict." The ruling requires the explanation be made on the record and the ALJ to explain in his decision how the conflict was resolved. SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). In any event, SSR 00-4p is neither a statute nor a regulation and therefore does not have the force of law. *Miller v. Comm'r of Social Security*, 246 Fed. App'x 660, 662 (11th Cir. 2007). Thus, a violation of that directive would not amount to reversible error.

(Dec. 4, 2000). The DOT cautions that its descriptions may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities. *Dictionary of Occupational Titles,* "Special Notice" (4th ed. rev. 1991). *See Hilton v. Comm'r of Soc. Sec.*, case no. 6:14-cv-1339-Orl-GJK, 2016 WL 561364, *6 (M.D. Fla. Feb. 12, 2016) (rejecting plaintiff's interpretation of DOT descriptions of jobs identified by VE where plaintiff failed to identify an actual or apparent conflict between VE's testimony and DOT job descriptions). At the supplemental hearing, the VE explained that housekeeper jobs can be light, medium or higher exertional levels, but the 270,000 jobs he cited included only light level housekeeper jobs (R.101-02). Of course the Plaintiff ultimately bears the burden of proving his disability and is responsible for producing evidence to support his claim, and he has not demonstrated that he cannot perform the housekeeper and building cleaner jobs. These jobs are within the Plaintiff's RFC. For these reasons I find the ALJ's decision supported by substantial evidence.

### 2. *Concentration, persistence, and pace*

In a related argument, the Plaintiff claims the ALJ failed to include his moderate difficulties with concentration, persistence, or pace in the VE hypothetical. The ALJ must pose an accurate hypothetical that takes into account all the claimant's impairments, comprehensively describing the plaintiff's limitations, but the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996); *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987); *Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985). Here, the ALJ specifically noted that Plaintiff's learning disorders had not prevented him from working as a short order cook or performing construction/ remodeling work. In the hypothetical, the ALJ addressed Plaintiff's

scholastic limitations by restricting him to no reading above the fourth to sixth grade level, no mathematical calculations other than simple addition and subtraction, and no extensive writing where spelling would be important (R. 99-100). These limitations are supported by substantial evidence, and comprehensively describe Plaintiff's learning disabilities.

### 3. Language limitations

Similarly, the Plaintiff maintains that the RFC did not properly recognize the Plaintiff's limited language abilities. He asserts that several of the jobs identified by the ALJ require a language level of L3 (telephone solicitor), L2 (order picker), or L1 (housekeeper, building cleaner, grounds worker/flower picker), and exceed his capabilities. The Commissioner responds that the ALJ properly limited the Plaintiff's reading and writing to account for his capabilities. The Plaintiff completed the eleventh grade in special education and held jobs as a short order cook and as a construction/ remodel worker. He uses a computer and drives. Per the DOT, the jobs of housekeeper and builder cleaner require a reading ability of 1 (R1) and a language ability of 1 (L1). The regulations provide that the ALJ may take administrative notice of reliable job information available from the DOT. 20 C.F.R. § 404.1566(d). And, the record does not support the need for any additional limitations. Hence, I find that the ALJ's decision in this regard is supported by substantial evidence.

### 4. Mathematics limitations

The Plaintiff also argues that the jobs identified by the ALJ exceed his mathematical limitations. The hypothetical limited him to "no mathematical calculations other than simple addition and subtraction" (R. 99-100). According to the Plaintiff, of the five jobs identified, one

requires a mathematical level of M3 (telephone solicitor), and the other four require a level of M1 (housekeeper, building cleaner, grounds worker/ flower picker, and order picker). Relying on a source called Job Browser Pro by SkillTRAN, the Plaintiff asserts that even the M1 level exceeds his capabilities as it requires multiplying and dividing 10s and 100s by 2, 3, 4, and 5, performing the four basic arithmetic operations with coins as part of a dollar, and performing operations with units such as cup, pint, quart, inch, foot, yard, ounce, and pound. As previously noted, the regulations provide that the ALJ may take administrative notice of reliable job information available from the DOT. 20 C.F.R. § 404.1566(d). The DOT indicates that the housekeeper and building cleaner jobs require a mathematical ability of M1. As the Commissioner points out, M1 is consistent with the Plaintiff's limitations and VE testimony. Thus, upon consideration, I find the ALJ properly relied upon the VE/ DOT, and that the jobs identified by the ALJ do not exceed Plaintiff's mathematical limitations.

### 5. *Alternative work*

Finally, the Plaintiff asserts that all jobs identified at step five exceed the RFC. Relying again upon SkillTRAN, he indicates that the jobs of housekeeper, building cleaner, grounds worker / flower picker, and order clerk all require exposure to sharp objects in violation of the RFC's limitation against exposure to "work hazards or sharp objects." (R. 99-100) Again, however, the DOT is instructive, not Skilltran. The DOT describes broad functions for housekeeper and building cleaner, and does not identify work hazards or sharp objects. I find the ALJ properly relied upon the VE testimony.

*D. Conclusion*

For the reasons stated, it is hereby

RECOMMENDED:

1. The Plaintiff's complaint be dismissed and the Commissioner's decision be affirmed.

IT IS SO REPORTED at Tampa, Florida on this 1st day of August, 2018.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).